**WO**                                                                                                                       KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Francis Grandinetti, | ) | No. CV 06-391-PHX-MHM (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| J. Frank Luna, et al., | ) | |
| Defendants. | ) | |

On February 3, 2006, Plaintiff Francis Grandinetti, presently confined in the CCA Facility in Tutwiler, Mississippi, filed a pro se Complaint alleging violations of his constitutional rights. The Court will construe the Complaint as having been brought pursuant to 42 U.S.C. § 1983.

Plaintiff contends that he is danger of imminent injury from not receiving medical treatment for "TB." Although Plaintiff named J. Frank Luna, Warden of the CCA facility in Florence, Arizona, Plaintiff has not alleged any claims against Defendant Luna.

All of Plaintiff's claims relate to the provision of medical treatment in the CCA facility in Tutwiler, Mississippi and all of the other named Defendants in the Complaint are associated with the CCA facility in Tutwiler, Mississippi. Further, Plaintiff appears to be in the CCA facility under the authority of the state of Hawaii.

Title 28 U.S.C. § 1391(b) provides that a civil action in which jurisdiction is not based on diversity may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case (which is not based in diversity jurisdiction), only Defendant Luna appears to be resident, or at least have minimal contacts, within the state of Arizona. As noted above, Plaintiff has not made any allegations against Defendant Luna. All other Defendants reside in the District of Northern Mississippi, and it was there that the events occurred that gave rise to the claims asserted in the Complaint. Accordingly, pursuant to 28 U.S.C. § 1391(b), venue is not proper in this District, but in the District of Northern Mississippi.

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss or transfer any action "laying venue in the wrong division or district." 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer under section 1404(a) lies within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

In this case, the Court finds that the majority of Defendants reside in the state of Mississippi. Therefore, this Court lacks personal jurisdiction over the majority of the Defendants, and to cure this lack of jurisdiction, it is proper to transfer this action to a district where the action could have been brought, and where the district court has personal jurisdiction over the Defendants. See Nelson v. International Paint Co., 716 F.2d 640, 643 (9th Cir. 1983).

In addition, the events which gave rise to Plaintiff's claims arose in Mississippi. Therefore, the witnesses and documents related to this claim are to be found in Mississippi. Further, a federal judge in the state of Mississippi would be more familiar with Mississippi

1  state law, and therefore can more efficiently adjudicate any pendent state law claims which
2  may arise, and any issues of exhaustion of administrative remedies.  See 42 U.S.C. §
3  1997e(a).
4      The Court therefore finds that this case, which could have originally been brought in
5  the District of Northern Mississippi, should be transferred to that district pursuant to 28
6  U.S.C. § 1404(a).
7      **IT IS THEREFORE ORDERED** that the Clerk of the Court is directed to transfer
8  this action the United States District Court for the District of Northern Mississippi.
9      DATED this 19th day of May, 2006.

_____
Mary H. Murguia
United States District Judge